## EL PUEBLO, DEMANDANTE Y APELADO, v. CABASSA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por infracción a la sección 37 de la Ley de Arbitrios.

No. 1723.—Resuelto en noviembre 29, 1921.

RENTAS INTERNAS—LEY DE ARBITRIOS—CAUSA DE ACCIÓN—DENUNCIA INSUFI-
CIENTE.—Cuando se formula denuncia por infracción a la sección 37 de la
Ley de Arbitrios aprobada en 1919, consistente el delito en estar el acusado
en posesión de artículos introducidos o traídos a Puerto Rico sin haber
satisfecho el impuesto fijado por la ley, es necesario alegar en la denuncia
que tales artículos fueron introducidos o traídos a Puerto Rico procedentes
de los Estados Unidos; y cuando tal alegación no se hace, la denuncia no
expone hechos suficientes.

Los hechos están expresados en la opinión.
Abogado del apelante: Sr. José Tous Soto.
Abogado del apelado: Sr. José E. Figueras, Fiscal.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Jacobo L. Cabassa fué denunciado en la Corte Municipal de Ponce por infracción de la sección 37 de la Ley de Arbitrios de Puerto Rico imputándosele que " * * * tenía en su poder seis tubos y seis gomas para automóvil, con valor de $357.58 que recibió por el vapor Ponce, viaje 255 y bajo conocimiento de embarque No. 156, sin haber pagado sobre ellos los impuestos de rentas internas que señala la Ley de Arbitrios de Puerto Rico a pesar de ser esta una mercancía tributable de acuerdo con lo expresado en la misma ley. * * * "

La Corte de Distrito de Ponce conoció de esta denuncia en grado de apelación en un juicio de novo y dictó sentencia condenatoria contra la que el denunciado interpuso el presente recurso de apelación para ante nosotros, habiéndose celebrado la vista sin alegato escrito ni oral del apelante.

No se practicaron pruebas ante la corte de distrito porque según dice la transcripción de los autos que se nos ha presentado "Las partes sometieron el caso a la decisión de

la corte, mediante estipulación de la cual el acusado aceptó los hechos de la denuncia y el fiscal aceptó que el impuesto sobre los seis tubos y seis gomas de automóvil referidos en dicha denuncia montantes a $17.88, fué satisfecho al Tesorero de Puerto Rico por el acusado Jacobo L. Cabassa el día 3 de abril de 1920, habiendo sido introducidos dichos artículos el 29 de marzo de 1920, sometiéndose a la decisión de la corte la cuestión legal promovida por el acusado de que el cobro de la contribución de que se trata es ilegal y contrario a la contribución, por tratarse de un verdadero impuesto sobre la importación en Puerto Rico de efectos introducidos en la Isla procedentes de los Estados Unidos.''

La sección 37 de la Ley de Arbitrios de 1919 a que se refiere la denuncia dispone sustancialmente que toda persona que posea o tenga en su establecimiento comercial, o en cualquier sitio contiguo a éste, o en conexión con él, o que tenga en cualquier sitio a su disposición cualquier mercancía sujeta a impuestos por dicha ley, sobre la cual no se hubiere pagado el impuesto, excepto la mercancía a la cual se le haya dado entrada en el libro oficial de existencias de un fabricante con licencia, será culpable de delito menos grave. Es, pues, uno de los requisitos para que una persona pueda ser castigada de acuerdo con esta sección de la ley que no haya sido pagado el impuesto sobre las mercancías sujetas a él.

Según la sección 18, No. 18 de la misma ley están sujetos al impuesto de un cinco por ciento *ad valorem,* entre otros artículos, los tubos y gomas para automóviles que se produzcan, fabriquen, introduzcan o traigan a Puerto Rico. De acuerdo con la sección 27 el impuesto pesará sobre la mercancía imponible que se manufacture o produjere en Puerto Rico tan pronto se manufacture o fabrique, excepto en los casos prescritos por la ley, y la persona que la vendiere, sacare o de otra manera dispusiere de ella sin haber pagado el impuesto será culpable de delito menos grave. Por su

parte la sección 31 dispone que el impuesto que por la ley se prescribe sobre artículos introducidos o traídos a Puerto Rico procedentes de los Estados Unidos, se pagará antes de salir dichos artículos de la custodia del dueño o agente del barco portador de los mismos, etc.

En vista de los términos de esas secciones de la ley y de los en que está redactada la denuncia, entendemos que no se persigue y castiga al apelante porque habiendo sido fabricados dichos tubos y gomas en esta Isla los tenga habiendo salido de la fábrica sin haber sido pagado el impuesto sobre ellos señalado por la ley, sino que se le ha querido denunciar por haberlos introducido o traído a Puerto Rico y tenerlos en su poder sin haber satisfecho el impuesto de un cinco por ciento *ad valorem* fijado por la ley.

Considerada así la denuncia opinamos que no contiene hechos constitutivos de la infracción perseguida porque no alega que dichos tubos y gomas han sido introducidos o traídos a esta Isla pues la manifestación que en la denuncia se hace de que recibió los tubos y gomas por el vapor Ponce no es suficiente para estimar que los introdujo o trajo a Puerto Rico procedente de los Estados Unidos porque ha podido recibirlos por dicho vapor procedente de cualquier puerto de esta Isla sin haber introducido o traído esa mercancía de los Estados Unidos. Es cierto que en la denuncia se dice que esa mercancía es tributable de acuerdo con la Ley de Arbitrios pero tal afirmación es una conclusión legal que no está sostenida por los hechos alegados en la denuncia ya que ésta no expone que haya sido introducida o traída a Puerto Rico.

También es cierto que el denunciado no ha impugnado la suficiencia de la denuncia y que admitiendo como ciertos los hechos en ella expuestos solicitó de la corte inferior que resolviera la cuestión legal sobre la ilegalidad del cobro de dicho impuesto, pero a pesar de esto no podemos considerar esta cuestión porque no alegándose en la denuncia que dicha

mercancía haya sido importada o traída a Puerto Rico, procedente de los Estados Unidos, carecemos de hechos en que basar el estudio de la cuestión y sería académico ahora el considerar y resolver si es ilegal el impuesto establecido sobre la expresada mercancía cuando es importada o traída a Puerto Rico. Cabassa sólo aceptó como ciertos los hechos de la denuncia. La sentencia condenatoria no puede sostenerse porque los hechos denunciados y aceptados por Cabassa no son constitutivos de delito. En los casos de *El Pueblo* v. *García* y de *El Pueblo* v. *Andreu,* 23 D. P. R. 730 y 751 revocamos la sentencia condenatoria a pesar de que los acusados confesaron su culpabilidad, y en el de *El Pueblo* v. *Guilarte,* 11 D. P. R. 348, aunque el denunciado no compareció a sostener su recurso de apelación ante este Tribunal Supremo, sin embargo fué revocada la sentencia y absuelto porque la denuncia adolecía del defecto sustancial o fundamental de no exponer hechos constitutivos de delito.

La sentencia apelada en este caso debe ser revocada y absolverse al denunciado Cabassa.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.