EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CÉSAR GARCÉS, acusado y apelante.

Núm. 8153.—*Sometido:* Abril. 9, 1940. *Resuelto:* Abril 30, 1940.

*Diego E. Ramos,* abogado del apelante; *R. A. Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

---

* NOTA: Véase el prefacio.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

El apelante César Garcés fué convicto del delito que se le pretende imputar en la siguiente denuncia:

"Yo, P. Rodríguez Guzmán, Agente de R. I., vecino de Arecibo, Calle de Gonzalo Marín, mayor de edad, formulo denuncia contra César Garcés por delito de infracciones a las secciones 16-a, 39 y 50 de la Ley de Rentas Internas, Ley 85 de agosto 20, 1925, con enmiendas hasta junio 30, 1936, por Ley Núm. 7, cometido de la manera siguiente: que en 13 de octubre de-1937, y en la ciudad de Arecibo, del Distrito Judicial Municipal de Arecibo, que forma parte del Distrito Judicial de Arecibo, P. R., el referido acusado César Garcés, allí y entonces de manera ilegal, voluntaria, maliciosamente y con el fin de defraudar el erario de Puerto Rico, introdujo en Puerto Rico y levantó de la custodia de la compañía de transporte Porto Rican Express en la fecha arriba indicada según el *way-bill* núm. 34898, un paquete conteniendo 'one picture frame' con un peso de- 12 libras y cuya mercancía es tributable, sin haber pagado el impuesto que exige la ley. Hecho contrario a la paz y dignidad del Pueblo de Puerto Rico."

La corte inferior declaró sin lugar una excepción perentoria y convenimos con ella en que la denuncia suficientemente alega la introducción en Puerto Rico de un artículo de otro puerto fuera de la isla. El caso del *Pueblo* v. *Cabassa,* 30 D.P.R. 3, citado por el apelante presenta un caso en que la introducción pudo haberse hecho de otro puerto de la Isla de Puerto Rico.

Sin embargo, ni la opinión de la corte inferior ni el alegato del fiscal nos demuestran exactamente qué secciones de la ley pudo haber violado el acusado o qué fué lo que realmente hizo él. El apelante da énfasis al hecho de que la sección 16–a es la única que exige el pago en el momento o antes de introducirse o retirarse la mercancía del correo o de la compañía del *express,* etc., según sea el caso. Las otras secciones que hemos podido hallar se refieren a ventas hechas por importadores o a la contribución del 2 por ciento que toda persona tiene que pagar al introducirse cualquier mercadería, y todo ello de conformidad con el Reglamento

a promulgarse por el Tesorero de Puerto Rico. Por tanto, si nos referimos a la denuncia, se hace evidente que al acusado no se le imputó el haber efectuado una venta en violación de la ley, o aun el no haber pagado el 2 por ciento a que estaba sujeto de conformidad con una o más de las varias leyes relativas a esa clase de impuestos.

En realidad, leyendo la denuncia y dando al acusado el beneficio de la duda, parecería que el delito fué cometido el 13 de octubre de 1937, o sea precisamente el día que el acusado recibió la mercancía de la Porto Rican Express Co.

Podría ser que la persona que redactó la denuncia, y la corte inferior, entendieron que el acusado había dejado de pagar posteriormente el 2 por ciento, mas la denuncia no imputa tal infracción.

Tal vez podamos tomar conocimiento judicial de que de ordinario el Tesorero notifica a las personas que importan artículos de que la contribución debe ser pagada dentro de determinado período, es decir, dentro de diez días. Nos damos cuenta de que de ordinario se acude a un proceso criminal tan sólo cuando la persona sujeta al pago de la contribución se niega a ello o deja de hacerlo así sin excusa alguna.

*Debe revocarse la sentencia apelada y absolverse al acusado.*